IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEA NICOLE WEBB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-2618-X-BN |
| | § | |
| CHRYSLER CAPITAL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Without paying the filing fee, Plaintiff Alea Nicole Webb filed a *pro se* complaint seeking $1 million for an alleged trust security agreement violation with the basis for jurisdiction listed as the right to contract under Article I, Section 10. *See* Dkt. No. 3 at 3, 4. United States District Judge Brantley Starr referred Webb's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice.

**Discussion**

A district court is required to screen a civil complaint filed IFP (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil

Procedure 12(b)(6).” *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And “[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted.” *Starrett v. U.S. Dep’t of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff’d*, 763 F. App’x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its “inherent authority ... to dismiss a complaint on its own motion ... ‘as long as the procedure employed is fair.’” *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App’x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

“[F]airness in this context requires both notice of the court’s intention to dismiss *sua sponte* and an opportunity to respond.” *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (“The broad rule is that ‘a district court may dismiss a claim on its own motion as long as the procedure employed is fair.’ More specifically, ‘fairness in this context requires both notice of the court’s intention and an opportunity to respond’ before dismissing *sua sponte* with prejudice.” (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g.*, *Starrett*,

2018 WL 6069969, at *2 (citations omitted).

A district court has authority to dismiss an action as "factually frivolous" related to claims where "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (cleaned up; quoting *Neitzke v. Williams,* 490 U.S. 319, 325, 327-28 (1989)); *see also id.* at 33 (Dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.")).

A review of Webb's complaint reveals that her claims rely on sovereign citizen theories. *See Smith v. Target*, No. 26-cv-1745-ECT-LIB, 2026 WL 1031159 (D. Minn. Apr. 16, 2026) (dismissing essentially identical claim for $1 million for violation of trust security agreement under Article 1, Section 10, as frivolous sovereign-citizen legal theory); *see also United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016) ("The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings."). Those claims are frivolous and without merit. *See, e.g.*, *Watson v. Texas State Univ.*, 829 F. App'x 686 (5th Cir. 2020) (per curiam) (affirming dismissal of claims based on legal theories associated with the sovereign citizen movement as "frivolous" and "entirely without merit"); *Hughes v. Shannon*, No. 3:20-CV-0637-B-BT, 2021 WL 1093110, at *2 (N.D. Tex. Mar. 2, 2021), *rec. accepted*, No. 3:20-CV-0637-B (BT), 2021 WL 1088440 (N.D. Tex. Mar. 22, 2021) (finding that "factual allegations are irrational and nonsensical" and "sovereign citizen claims are

also legally frivolous"); *Westfall v. Davis*, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *rec. accepted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018) (noting that "[s]overeign-citizen legal arguments ... are indisputably meritless."). So the complaint should be dismissed with prejudice as frivolous.

**Recommendation**

The Court should dismiss the complaint with prejudice as frivolous.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 22, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE